Belknap,
No. 4784.

### CHARLES W. TILTON *v.* CHARLES T. DAVIS & a.

Argued October 7, 1959.

Decided November 3, 1959.

*James W. Doherty* (by brief and orally), for the plaintiff.

*Nighswander, Lord & Bownes* (*Mr. Lord* orally), for defendant Grossman's of New Hampshire, Inc.

WHEELER, J. In the absence of any agreement with the plaintiff the defendant's mortgage would take precedence over any claim the plaintiff may have for work and labor performed and materials furnished. *Peaslee* v. *Evans*, 82 N. H. 313.

The defendant contends there is no evidence in the record to establish any agreement by it to pay the plaintiff, and if any evidence should exist "the contrary evidence is so overwhelming that it was error to deny the motion for a directed verdict." While the state of the evidence was such that reasonable men might well differ as to the weight thereof we are unable to adopt the defendant's view.

It could be found that defendant's agent Therrien, upon being advised of the abandonment of the property by the Davises, visited the plaintiff, inspected the property, examined the plaintiff's records of work done for the Davises and agreed that if the plaintiff would complete the house he would be paid "the money that was due . . . from the Davises and the labor . . . to complete the house from that point on."

Subsequently in March and June certain materials to complete the house were delivered on the premises by the defendant. The plaintiff completed the work by early October, 1956. This evidence was sufficient to support the Court's verdict.

*Judgment on the verdict.*

All concurred.